```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/16/2023_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

LAFONE ELEY,

                    Defendant.

20 Cr. 78-2 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    The Court has reviewed the parties' submissions dated June 30, 2023. *See* ECF Nos. 436–37. Defendant requests that the Court "terminate [Defendant's] term of supervised release early pursuant to 18 U.S.C. § 3583(e)," or, in the alternative, "that his supervision be transferred to the Middle District of Florida." ECF No. 436 at 1–2.

    After considering the factors in 18 U.S.C. § 3553(a), a court "may . . . terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "[C]hanged circumstances—for instance, exceptionally good behavior by the defendant" may "[o]ccasionally" warrant the early termination of supervised release. *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). But, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Bouchareb*, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (citation omitted). Instead, a defendant must demonstrate "extraordinary conduct or unforeseen harsh circumstances that warrant early termination of his supervised release." *United States v. Hines*, No. 15 Cr. 98, 2019 WL 4221491, at *1 (S.D.N.Y. Sept. 5, 2019). Here, although Defendant has complied with the terms of his supervision, the Court does not find that he has demonstrated "exceptionally good behavior" or "unforeseen harsh circumstances" such that the Court should terminate his term of supervised release.

    Accordingly, Defendant's motion is GRANTED in part, and DENIED in part. Defendant's motion for early termination of supervised release is DENIED. Defendant's request that his supervision be transferred to the Middle District of Florida is GRANTED.

    The Clerk of Court is directed to terminate the motion at ECF No. 436 and transfer Defendant's supervision to the Middle District of Florida.

    SO ORDERED.

Dated: August 16, 2023
       New York, New York

                                                        ANALISA TORRES
                                           United States District Judge